| | |
|---|---|
| CHRISTINE ANN FINNEY AND PAUL K. FINNEY, AND SALLIE SHUPING RUSSELL,<br><br>    Plaintiffs,<br><br>v.<br><br>PREFERRED CONTRACTORS INSURANCE COMPANY, RRG,<br><br>    Defendant.<br>_____<br>PREFERRED CONTRACTORS INSURANCE COMPANY, RRG,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>COLONIAL ROOFING & CONSTRUCTION, LLC,<br><br>    Third-Party Defendant | REPORT OF THE PARTIES' PLANNING MEETING<br>Fed R. Civ. P. 26(f) |

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 21, 2021 via telephone and was attended by the undersigned attorneys for Plaintiffs Christine Ann Finney, Paul K. Finney, and Sallie Shuping Russell ("Plaintiffs"), Defendant and Third Party Plaintiff Preferred Contractors Insurance Company, RRG ("PCIC"), and Third Party Defendant Colonial Roofing & Construction, LLC ("Colonial").

2. Nature and complexity of the case: In this matter, Plaintiffs, who are homeowners, filed suit against PCIC, the insurer of Colonial, a roofing and construction company, following Plaintiffs litigating and obtaining judgments against Colonial in two state court actions.

In the original underlying state court actions, Plaintiffs contended that Colonial had improperly performed roof replacements on their vacation homes after Hurricane Florence. Colonial did not answer or appear in those lawsuits and Plaintiffs obtained default judgments which they now seek to enforce against PCIC. For its part, PCIC seeks a declaratory judgment action against Plaintiffs and Colonial establishing that there was no coverage under the commercial general liability policy it issued to Colonial for the claims asserted by Plaintiffs. Colonial has just been served, and as such, it has not yet answered the Third Party Complaint (although it did participate in the Rule 26(f) conference in this matter).

3. **Initial Disclosures**. Pursuant to Federal Rule of Civil Procedure 26(a)(1), the parties agree that all initial disclosures will be made within **21 days** of this Court's entry of a scheduling order for discovery.

4. **Discovery Plan**. The parties propose to the court the following discovery plan:

   a. Discovery will be needed on the following subjects: (1) liability; (2) causation of damages; (3) amount of damages if any; and (4) declaratory relief related to certain insurance coverage issues.

   b. All discovery (general and expert) commenced in time to be completed by **February 21, 2022.**

   c. The maximum number of interrogatories by each party to another party is thirty (30). The parties can agree to extend the maximum number of interrogatories or request that the maximum number of interrogatories be increased by the Court.

   d. The maximum number of requests for admissions by each party to another party is twenty-five (25). The parties can agree to extend the maximum number of

requests for admissions or request that the maximum number of requests for admissions be increased by the Court.

    e.    Each party is limited to five (5) depositions (excluding any retained testifying experts). The parties can agree to extend the maximum number of depositions or request that the maximum number of depositions be increased by the Court.

    f.    Each deposition, other than those of retained testifying experts, shall be limited to maximum of seven (7) hours on the record unless otherwise extended on the record or by the written agreement of the parties.

    g.    Reports from retained experts under Rule 26(a)(2) are due during the discovery period from Plaintiffs by **September 27, 2021**, and from PCIC by **November 5, 2021** and from Colonial by **December 3, 2021**. Supplementations under Rule 26(e) are due by **January 24, 2022**.

5.    **Other Items**. The parties do not request a conference with the court before the entry of the scheduling order.

    a.    Plaintiffs should be allowed until **July 19, 2021**, to request leave to join additional parties or amend pleadings.

    b.    PCIC and Colonial should be allowed until **August 16, 2021**, to request leave to join additional parties or amend pleadings.

    c.    All potentially dispositive motions should be filed by **March 21, 2022**.

The parties agree that settlement cannot be evaluated prior to the commencement of discovery and that settlement would be enhanced by use of a Mediated Settlement Conference.

d.  The deadline for parties to have a Mediated Settlement Conference is **March 14, 2022.**

e.  The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge and the parties do not consent to magistrate judge jurisdiction.

f.  Final lists of witnesses and exhibits under Rule 26(a)(3) should be made by the parties at least 30 days prior to trial of this matter.

g.  Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

h.  The case should be ready for trial by **Jun 13, 2022** and at this time is expected to take approximately 2-4 days.

Respectfully submitted this the 28th day of May, 2021.

/s/ James S. Schenck, IV
James S. Schenck, IV
Sheldon S. Schenck
CONNOR GWYN SCHENCK PLLC
PO Box 30933
Raleigh, NC 27622
(919) 789-9242 (Telephone)
(919) 789-9210 (Fax)
jschenck@cgspllc.com
*Attorneys for Plaintiffs*

/s/ Andrew K. McVey
Andrew K. McVey
MURCHISON, TAYLOR & GIBSON, PLLC
1979 Eastwood Road, Suite 101
Wilmington, NC 288403
(910) 218-7241 (Telephone)
(910) 763-6561 (Fax)
amcvey@murchisontaylor.com
*Attorney for Third Party Defendant*
*Colonial Roofing & Construction, LLC*

/s/ James M. Dedman, IV
James M. Dedman, IV (N.C. Bar No. 37415)
GALLIVAN, WHITE, & BOYD, P.A.
6805 Morrison Blvd., Suite 200
Charlotte, NC 28211
(704) 552-1712 (Telephone)
(704) 362-4850 (Fax)
jdedman@gwblawfirm.com
*Attorney for Defendant and Third Party*
*Plaintiff Preferred Contractors Insurance*
*Company Risk Retention Group, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-cv-124

| | |
|---|---|
| CHRISTINE ANN FINNEY AND PAUL K. FINNEY, AND SALLIE SHUPING RUSSELL,<br><br>    Plaintiffs,<br><br>v.<br><br>PREFERRED CONTRACTORS INSURANCE COMPANY, RRG,<br><br>    Defendant.<br>_____<br>PREFERRED CONTRACTORS INSURANCE COMPANY, RRG,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>COLONIAL ROOFING & CONSTRUCTION, LLC,<br><br>    Third-Party Defendant | **CERTIFICATE OF SERVICE** |

Pursuant to Rules 5.1(a)(1) and (e) of the Local Civil Rules of Practice and Procedure of the United States District Court for the Eastern District of North Carolina, I certify that on May 28, 2021 I filed Defendant's Notice of Removal and accompanying documents with the Court's Electronic Case Filing ("ECF") system. The act of filing this document with the Court's ECF system automatically generated a Notice of Electronic Filing ("NEF"), which constitutes proof of service of the filed document upon all registered users. As such, service has been accomplished through the NEF for parties and counsel who are registered users of the Court's ECF system. The Third Party Defendant will be served by the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/ James M. Dedman, IV*
James M. Dedman, IV (N.C. Bar No. 37415)
GALLIVAN, WHITE, & BOYD, P.A.
6805 Morrison Blvd., Suite 200
Charlotte, NC 28211
(704) 552-1712 (Telephone)
(704) 362-4850 (Fax)
jdedman@gwblawfirm.com

*Attorneys for Defendant, Preferred Contractors Insurance Company Risk Retention Group, LLC*