# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### No. 5:21-cv-124

| | |
|---|---|
| CHRISTINE ANN FINNEY AND PAUL K. FINNEY, AND SALLIE SHUPING RUSSELL, <br><br> Plaintiffs, <br><br> v. <br><br> PREFERRED CONTRACTORS INSURANCE COMPANY, RRG, <br><br> Defendant. <br> _____ <br> PREFERRED CONTRACTORS INSURANCE COMPANY, RRG, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> COLONIAL ROOFING & CONSTRUCTION, LLC, <br><br> Third-Party Defendant | **DEFENDANT AND THIRD PARTY PLAINTIFF PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS THIRD PARTY DEFENDANT COLONIAL ROOFING AND CONSTRUCTION, LLC'S CROSSCLAIM** |

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) and Local Rule 7.1 of the Local Civil Rules of Practice and Procedure of the U.S. District Court for the Eastern District of North Carolina, Defendant and Third-Party Plaintiff Preferred Contractors Insurance Company Risk Retention Group, LLC (identified in the underlying Summons and Complaint as "Preferred Contractors Insurance Company, RRG" and referred to herein as "PCIC") files this brief in support of its motion to dismiss all claims asserted against it by Third-Party Defendant Colonial Roofing and Construction, LLC's ("Colonial Roofing) Crossclaim in this matter. [DE: #27].

## FACTUAL AND PROCEDURAL BACKGROUND

This matter was originally filed in the Wake County Superior Court by Christine Ann Finney, Paul K. Finney, and Sallie Shuping Russell ("Plaintiffs") against PCIC. In the original

Complaint, Plaintiffs asserted that PCIC issued a commercial general liability policy to Colonial Roofing ("the policy"). [DE: #1-1, ¶6]. Plaintiffs further asserted that Colonial Roofing breached their contracts with Plaintiffs to provide roofing services on their vacation homes and, as a result, Plaintiffs filed separate state court actions against Colonial Roofing for breach of contract, carelessness causing damage to Plaintiffs' houses, and unfair and deceptive trade practices (the "Underlying Actions"). [DE: #1-1, ¶¶7-9]. Thereafter, Plaintiffs obtained default judgments against Colonial Roofing in the Underlying Actions. Thereafter, Plaintiffs instituted this action against PCIC, seeking recovery from PCIC as Colonial Roofing's insurer. [DE: #1-1, ¶¶ 10-12].

In the Complaint, Plaintiffs asserted that the Underlying Actions constituted covered losses and fell within the scope of covered provided under the policy. Plaintiffs also alleged that they provided proof of loss to PCIC in accordance with the terms of the policy. [DE: # 1-1, ¶¶ 15-16]. In the Complaint, Plaintiffs furthered alleged that PCIC would not agree to resolve Plaintiffs' claims and, as a result, Plaintiffs filed suit against PCIC alleging breach of contract – third party beneficiary and unfair and deceptive trade practices. Plaintiffs seek actual damages, punitive damages, treble damages, interest, and costs of the action.

Upon receipt of the Complaint, PCIC removed the action to this Court. Thereafter, PCIC filed an Answer, denying all of Plaintiff's allegations. Further, PCIC filed a Counterclaim against Plaintiffs and a Third-Party Complaint against Colonial Roofing. In the Third-Party Complaint, PCIC seeks a judicial declaration that there is no coverage afforded under the policy for the Underlying Actions. [*See* DE: #15]. In particular, PCIC specifically requests that this Court find that (1) Colonial Roofing failed to comply with the notice requirements in the policy with respect to the Underlying Actions; (2) the damages sought in the Underlying Actions are not covered damages under the policy; (3) the allegations in the Underlying Actions are not an "occurrence" required to trigger coverage under the policy; and (4) a number of exclusions, including the expected or intended injury, damage to property, damage to your product, damage to your product, damage to your work, damage to impaired property or property not physically injured, deleterious substances,

open structure "water" damage, material misrepresentation, abandoned work, breach of contract/contractual liability, fraudulent, intentional or criminal acts, classification limitation and/or state specific operations exclusions, apply to preclude coverage for the Underlying Actions under the policy. [*See* DE: #15]. In response, Colonial Roofing asserted a seven paragraph Crossclaim against PCIC seeking only the "opposite determination." [DE: #27, ¶7].

**ARGUMENT**

I.      **Colonial Roofing's Crossclaim fails to include a short and plain statement sufficient to assert a claim upon which relief can be granted.**

Colonial Roofing's Crossclaim against PCIC should be dismissed due to Colonial Roofing's failure to include a short and plain statement under Federal Rule of Civil Procedure 8. "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, or, second, by failing to allege sufficient facts to support a legal cause of action." *McClinton-Wallace v. Chapple-Brown*, No. 1:20CV427, 2021 WL 1648652, at *4 (M.D.N.C. Apr. 27, 2021) (internal citations and quotations omitted). "A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint, including whether it meets the pleading standard of Rule 8(a)(2)." *Id*.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotations omitted). Although the pleading standard does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (internal citations and quotations omitted). In the Crossclaim, Colonial Roofing merely asserts that PCIC

seeks a determination that no coverage is afforded under the policy for the claims asserted in the Underlying Actions and that Colonial Roofing seeks the "opposite determination." [DE: #27, ¶7]. In contrast to PCIC's complaint for declaratory judgment, Colonial Roofing does not refer to, cite or otherwise reference the policy or specific allegations in the Underlying Actions which purportedly give rise to coverage under the policy. Further, Colonial Roofing does not state why it believes that there is coverage under the policy. Rather, in noting that PCIC seeks a declaration of no coverage, Colonial Roofing notes merely that it "seeks, and is entitled to, the opposite determination." [DE: #27, ¶ 7). Such a vague declaration is insufficient under Federal Rule of Civil Procedure 8.

In failing to refer to, cite or otherwise reference the policy or specific allegations in the Underlying Actions, Colonial Roofing fails to state a basis for its requested relief, a declaration that coverage is afforded under the policy. *See Hamby v. Seterus, Inc.*, No. 7:15-CV-125-FL, 2016 WL 929228, at *2 (E.D.N.C. Feb. 18, 2016), *report and recommendation adopted*, No. 7:15-CV-125-FL, 2016 WL 917933 (E.D.N.C. Mar. 10, 2016) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."). (internal quotations omitted). In addition, Colonial Roofing fails to state a basis sufficient for PCIC to understand that claim against it. *See Casper v. Comcast Corp.*, No. 1:17CV826, 2020 WL 1472303, at *3 (M.D.N.C. Mar. 26, 2020) ("Rule 8 is thus designed to give fair notice of the claim being asserted to the adverse party; sharpen the issues to be litigated; and confine discovery and the presentation of evidence at trial within reasonable bounds." (internal quotations omitted)). As such, Colonial Roofing's Crossclaim does not comply with the pleading standards of Rule 8 and, PCIC is entitled to dismissal. *Dillard v. Perry*, No. 5:16-CT-3329-FL, 2019 WL 1244701, at *3 (E.D.N.C. Mar. 18, 2019) (noting that the interests of judicial economy do not permit the plaintiff to pursue his complaint in its current form).

## CONCLUSION

For these reasons, PCIC respectfully requests that this Court grant this motion.

Respectfully Submitted,

June 28, 2021

/s/ James M. Dedman, IV
James M. Dedman, IV (N.C. Bar No. 37415)
GALLIVAN, WHITE, & BOYD, P.A.
6805 Morrison Blvd., Suite 200
Charlotte, NC 28211
(704) 552-1712 (Telephone)
(704) 362-4850 (Fax)
jdedman@gwblawfirm.com

*Attorneys for Defendant and Third-Party Plaintiff Preferred Contractors Insurance Company Risk Retention Group, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### No. 5:21-cv-124

| | |
|---|---|
| CHRISTINE ANN FINNEY AND PAUL K. FINNEY, AND SALLIE SHUPING RUSSELL,<br><br>     Plaintiffs,<br><br>v.<br><br>PREFERRED CONTRACTORS INSURANCE COMPANY, RRG,<br><br>     Defendant.<br>_____<br>PREFERRED CONTRACTORS INSURANCE COMPANY, RRG,<br><br>     Third-Party Plaintiff,<br><br>v.<br><br>COLONIAL ROOFING & CONSTRUCTION, LLC,<br><br>     Third-Party Defendant | **CERTIFICATE OF SERVICE** |

Pursuant to the Local Civil Rules of Practice and Procedure of the United States District Court for the Eastern District of North Carolina, I certify that on June 28, 2021, I filed the foregoing document with the Court's Electronic Case Filing ("ECF") system. The act of filing this document with the Court's ECF system automatically generated a Notice of Electronic Filing ("NEF"), which constitutes proof of service of the filed document upon all registered users. As such, service has been accomplished through the NEF for parties and counsel who are registered users of the Court's ECF system. There are no known unregistered users.

Respectfully Submitted,

*/s/ James M. Dedman, IV*
James M. Dedman, IV (N.C. Bar No. 37415)
GALLIVAN, WHITE, & BOYD, P.A.
6805 Morrison Blvd., Suite 200
Charlotte, NC 28211
(704) 552-1712 (Telephone)
(704) 362-4850 (Fax)

[jdedman@gwblawfirm.com](mailto:jdedman@gwblawfirm.com)

*Attorneys for Defendant and Third-Party Plaintiff Preferred Contractors Insurance Company Risk Retention Group, LLC*